**Larneard v. Larneard**

*Baturin & Baturin,* for plaintiff.

*Thomas H. Lane,* for defendant.

KREIDER, J., December 12, 1961.—It appears from the record in this divorce case that defendant, Norman W. Larneard, was incarcerated in the Eastern State Penitentiary at Philadelphia, at the time notice of the hearing before the master was given to him and that he was also incarcerated in the penitentiary at the time of the hearing. Notice of the hearing was addressed to him by registered mail, and it appears that it was received at the penitentiary by someone on his behalf.

The notice of the master's hearing *did not include notice* to defendant *that he could apply for a writ of habeas corpus ad testificandum.* No appearance was entered on behalf of defendant, and he did not apply for a writ. We think there has been insufficient notice of the master's hearing: Davidson v. Davidson, 1 D. & C. 2d 71 (1954) (Cumberland Co., Shughart, P. J.) ; Knable v. Knable, 67 D. & C. 380 (1949) (Fulton Co., Sheely, P. J.).

Since one of the grounds on which plaintiff's complaint is based is that defendant-husband has been convicted of second degree murder and has been sentenced to the Eastern State Penitentiary for a period of not less than 10 nor more than 20 years, we think that plaintiff-wife's testimony purporting to identify a certified copy of her husband's conviction and sentence is insufficient to make such document admissible in evidence.

In Knable v. Knable, 67 D. & C. 380, supra, the notice of the master's hearing included a notice to defendant that he could apply for a writ of habeas corpus ad testificandum. No appearance was entered on behalf of defendant, and he did not apply for a writ. The ground for divorce alleged in the complaint in that case was that defendant had been convicted of burglary

and larceny and had been sentenced to the Western Penitentiary for a term of not less than 18 months nor more than three years. In addition to her testimony, plaintiff offered in evidence the record of defendant's conviction in the Court of Quarter Sessions of Fulton County but did not call as a witness the custodian of the records. In passing upon this procedure, President Judge Sheely said (page 381) :

"In Shaffer v. Shaffer, 26 York 80, 81 (1912), a similar case was before the court and Judge Wanner, after deciding that a case would lie against a prisoner, said:

" 'We are of the opinion, however, that it is the imperative duty of the Court in proceedings had in the absence of the defendant, to carefully inquire into both the competency and sufficiency of the libellant's evidence, though no objection be made thereto. For the same reason *the original records of the respondent's conviction and sentence should be produced before the examiner and duly authenticated by the proper officer* having the custody thereof, before they are admitted in evidence. Though the records need not be set forth in extenso in the examiner's report of the evidence, it should accurately specify the successive proceedings at the trial, conviction and sentence of the defendant, so that the divorce record shall be a complete and self-sustaining basis for a final decree of the Court. The fact of the enforced absence of the respondent requires greater accuracy and completeness in the record than might be insisted upon if he had of his own accord simply neglected to appear and make defense. . . . Neither does it appear that the custodian of the records of the respondent's trial and conviction was called to authenticate the same and thus make them properly admissible instruments of evidence.' " (Italics supplied.)

For the foregoing reasons, the record in this case is referred back to the master with directions to fix another time for hearing. Since additional testimony must be taken, we direct the master to give notice to defendant by registered mail, inquiring of him whether he desires to appear in defense of the action and that should he desire to do so, proper steps will be taken by the master so that defendant may appear and defend the action.